```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA            :
                                    :    MEMORANDUM OPINION
v.                                  :    AND ORDER
                                    :
WALTER JONES,                       :    19 CR 211-1 (VB)
                    Defendant.      :
--------------------------------------------------------------x
```

Briccetti, J.:

By letter dated February 10, 2021, as supplemented by his attorney's letter dated April 6, 2021, defendant Walter Jones seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), principally because he claims to be at risk of severe complications from COVID-19 if he were to contract the disease.

For the reasons set forth below, the motion is DENIED.

Between February 3, 2017, and November 16, 2018, Jones sold crack cocaine on four separate occasions to a confidential informant who Jones thought was a crack dealer, and also sold four handguns to the informant, believing the informant intended to use the handguns in connection with his drug trafficking activities. At the time of his arrest, Jones had five prior convictions, including felony convictions for robbery and possession with intent to sell narcotics. Jones pleaded guilty to distribution and possession with intent to distribute narcotics, and being a felon in possession of a firearm. His guidelines sentencing range was 151 to 188 months' imprisonment.

In imposing sentence, the Court carefully considered all of the factors set forth in 18 U.S.C. § 3553(a). The Court emphasized the fact that Jones sold firearms to someone he believed was a drug dealer, which "exponentially increases the seriousness of the offense." (Sentencing Tr. 21). However, the Court also took into account Jones's troubled upbringing,

1

documented mental health issues, intellectual limitations, and history of drug abuse, all of which contributed to the commission of the offenses, as well as the fact that Jones's most serious prior convictions occurred when he was a teenager. As a result, the Court imposed a sentence of ninety-six months' imprisonment, which was substantially below the low end of the applicable guidelines range, finding that the sentence was sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes of the defendant.

Jones has been detained since his arrest on December 6, 2018. To date, he has served approximately twenty-nine months of his ninety-six-month sentence, or about thirty percent of the sentence imposed.

The law does not permit a sentence of imprisonment to be reduced once it has been imposed, except in the rare circumstance in which the Court, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). In the instant motion, Jones argues he has asthma, bi-polar disorder, depression, and heart disease which makes him vulnerable to severe illness from COVID-19, and also that FCI Allenwood Medium, where he is currently housed, has inadequately responded to the COVID-19 pandemic.

The Court finds that Jones has not demonstrated extraordinary and compelling reasons warranting early release from his lawfully imposed prison sentence, and that even if he did, consideration of the Section 3553(a) factors counsels strongly against his release.

First, Jones, who is thirty-two years old, is in general good health, and is not at risk of severe complications if he were to contract COVID-19. There is nothing in his prison medical records to support the claim that he has heart disease or a heart problem. Moreover, although his medical records reflect a diagnosis of depression, for which he has been prescribed medication,

that condition has not been identified by the Centers for Disease Control and Prevention ("CDC") as a risk factor for complications from COVID-19. See CDC, People With Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited April 28, 2021). And his asthma appears well-controlled—according to his medical records, Jones recently reported to his health care provider that his childhood asthma has improved as he has gotten older, and that his last asthma attack was in 2018 or 2019. He was prescribed an albuterol inhaler, to be used as needed.

Second, although Jones says he has not contracted COVID-19, his medical records indicate he tested positive for the virus in November 2020, but denied having any symptoms. If Jones has already had the disease, his risk of reinfection is extremely low. See CDC, Reinfection With COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited April 28, 2021) ("Cases of reinfection with COVID-19 have been reported, but remain rare."). In any event, FCI Allenwood Medium currently has no active COVID-19 cases among its inmates or staff, see Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited April 28, 2021), which belies Jones's claim that FCI Allenwood Medium has inadequately responded to the COVID-19 pandemic.

Third, Jones's medical records reflect that he recently refused the Bureau of Prisons' offer of the highly effective Moderna COVID-19 vaccine. Thus, it is Jones's own decision to refuse the vaccine, not the fact of his incarceration or any allegedly inadequate response by the BOP, that places him at risk of infection from the virus. This weighs significantly against a finding of extraordinary and compelling reasons warranting release. See United States v. King, 2021 WL 736422, at *3 (S.D.N.Y. Feb. 24, 2021); United States v. Bryant, 2021 WL 738838, at *2 (S.D.N.Y. Feb. 24, 2021).

3

Finally, and importantly, Section 3582(c)(1)(A) mandates that the Court also consider the Section 3553(a) factors "to the extent that they are applicable." The Court has done so here. The extremely serious nature of Jones's offenses, in light of his lengthy criminal record, warranted a lengthy prison sentence at the time it was imposed. Indeed, the sentence was designed to promote respect for the law and provide just punishment for the offense, as well as to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant. These sentencing factors supported the sentence at the time it was imposed, and they still weigh strongly against Jones's early release.

Accordingly, defendant Walter Jones's motion for a reduction of sentence is DENIED.

Dated: April 28, 2021
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge